80 549<br/>181s 158

## Milwaukee Mechanics Ins. Co. v. R. J. Graham, use of First National Bank, etc.

1. INSURANCE — *Delivery of Policy Unnecessary — Promise to Pay the Premium Necessary.*—It is not necessary, in order to hold an insurance company to liability for a loss, that the policy shall have been delivered or the premium paid; but in a case where the policy has not been delivered nor the premium paid or tendered, a promise to pay the premium is necessary. Without a promise to pay for the insurance the undertaking of the company would be '*nudum pactum.*

2. CONTRACTS—*A Fundamental Rule.*—It is fundamental that unless the parties have come to an agreement as to the terms of their contract, so that nothing remains to be done but to execute what has been agreed upon, the contract is still incomplete and of no binding force upon either party.

Assumpsit, on a contract of insurance. Trial in the Circuit Court of Pike County; the Hon. THOMAS N. MEHAN, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

E. A. PERRY, attorney for appellant.

An oral contract to issue a policy of insurance is binding and may be specifically enforced in equity. 1 Joyce on Ins., 95, citing Dunning v. Phenix Ins. Co., 68 Ill. 414; Wooddy v. Old Dominion Ins. Co., 31 Grat. (Va.) 362.

One in possession of blank policies, signed by the president and secretary, is a general agent (May on Ins. (2d Ed.), 139; 1 Joyce on Ins., 475, citing Phenix Ins. Co. v. Munger, 49 Kas. 178), and may bind the company by parol. May on Ins. (2d Ed.), 141; Farmers & Merchants Ins. Co. v.

Chestnut, 50 Ill. 111; Phenix Ins. Co. v. Stocks, 149 Ill. 319; Home Ins. Co. v. Field, 53 Ill. App. 119.

While parol contract of insurance must contain all the essentials of a contract, they need not be expressly negotiated upon, since they may be understood, as where the usual rate of premium is presumed to have been meant. 1 Joyce on Ins., 106, citing Winne v. Niagara F. Ins. Co., 91 N. Y. 185.

The terms of the contract being specified, the minds of the parties meet when the insurer signifies his acceptance of the application by some overt act. 1 Joyce on Ins., 103, citing Schwartz v. Germania Ins. Co., 18 Minn. 448; Shattuck v. Mut. Life Ins. Co., 4 Cliff. 598.

A contract arises when an overt act is done, intended to signify an acceptance of a proposition, whether such overt act comes to the knowledge of the proposer or not. The acceptance of a proposal to insure for the premium offered is the completion of the negotiation. Hallock v. Commercial Ins. Co., 2 Dutch. (N. J.) 268.

Where an application was made for insurance, the rate of premium and duration of risk not specified, the policy written and entered upon the register of completed contracts and the property burned before delivery of the policy, held, valid contract. 1 Joyce on Ins., 107, citing Winne v. Niagara F. Ins. Co., 91 N. Y. 185.

In an action on a policy of insurance which had been filled up and signed, but not delivered, and on which no premium had been paid, it is for the jury to say within what time the insured should pay the premium and accept policy. 1 Joyce on Ins., 114, citing Baxter v. Massasoit Ins. Co., 13 Allen (Mass.), 320.

A contract to issue an insurance policy is equivalent to the actual issuance of the policy so far as the binding force of the contract is concerned. 1 Joyce on Ins., 143, citing Springer v. Anglo-Nevada Ins. Co., 33 N. Y. 543.

An agent authorized to insure may give credit. Ib.

Where an application was made to an agent for insurance and the agent agreed to issue and send the appli-

cant a policy on a certain day and the policy was in fact issued on, and bore date on, that day, but was not delivered, nor the premium paid for several days thereafter, it was held ᵥ that the policy became binding from its date. 1 Joyce on Ins. 156, citing Hubbard v. Hartford Fire Ins. Co., 33 Iowa, 325.

When the premium is to be paid on the delivery of the policy and a loss by fire occurs before the delivery, the company is liable. 1 Joyce on Ins., 162, citing Angell v. Hartford F. Ins. Co., 59 N. Y. 171.

A contract of insurance may be complete and binding upon the parties without either the payment of the premium or delivery of the policy. Joyce on Ins., 106, 161; 1 Biddle on Ins., 138, 193, citing New England F. & M. Ins. Co. v. Robinson, 25 Ind. 536; American Horse Ins. Co. v. Patterson, 28 Ind. 17.

An application was made to an agent for insurance, but nothing was said as to what company the risk was to be placed in. Agent wrote a policy in one of the companies represented by him, the policy providing that there should be no liability until the premium was paid. Held, that the question of agency was not affected because the principal was undisclosed and the agent had authority to bind the company by a parol agreement extending the time for making payment. Young v. Hartford F. Ins. Co., 45 Iowa, 377, citing Miss. Valley Ins. Co. v. Neyland, 9 Bush (Ky.), 430; Sheldon v. Conn. Mut. Ins. Co., 25 Conn. 207.

It is sufficient to constitute a parol contract of insurance if one party proposes to be insured and the other party agrees to insure and the elements are agreed upon or understood and the premium paid if demanded. Eames v. Home Ins. Co., 4 Otto (U. S.), 621.

The rule that an act done at one time may take effect as of a prior time by relation back to the principal contract is applicable to the contract of insurance; the agreement to insure being the principal act, the payment of the premium and the formal execution of the policy may be concurrent therewith or subsequent thereto. City of Davenport v. M. & F. Ins. Co., 17 Iowa, 276.

A valid contract of insurance may be made without a delivery of a policy. Fire Association v. Smith, 59 Ill. App. 655; Robinson v. Peterson, 40 Ill. App. 132; 1 Joyce on Ins. 156 and 1513, citing Loring v. Proctor, 26 Me. 18; Ins. Co. v. Colt, 20 Wall. 560; Blanchard v. Waite, 28 Me. 51.

A valid contract of insurance may be made without a payment of premium. Robinson v. Peterson, 40 Ill. App. 132; Home Ins. Co. v. Field, 53 Ill. App. 119; Huggins Cracker & C. Co. v. People's Ins. Co., 41 Mo. App. 530; 1 Joyce on Ins., 139.

An agent authorized to take and approve risks and issue policies is, by general usage, empowered to allow credit for premium. 1 Joyce on Ins., 686, citing Tennant v. Travelers' Ins. Co., 31 Fed. Rep. 322.

In the case of an oral contract for insurance, the prepayment of the premium is not necessary until the policy issues; but when the policy is tendered the insured must pay the premium unless a credit is given. 1 Joyce on Ins., 135, citing Davenport v. Peoria, etc., Ins. Co., 17 Iowa, 276.

An application for insurance was made and the company executed the policy to take effect that day at noon, both application and policy remaining in the hands of the company. The building having burned, the insured went to the insurers, who were ignorant of the loss, paid the premium and received the policy. Held, on the acceptance of the terms the minds of the parties had met and the contract became binding on them. Keim v. Home Mut. Ins. Co. of St. Louis, 42 Mo. 38.

Countersigning by the agent is evidence of the completion and delivery of the contract. May on Ins. (2d Ed.), 70; 1 Joyce on Ins. 666, citing Myers v. Keystone, etc., Ins. Co., 27 Pa. St. 268; Peoria, etc., Ins. Co. v. Walser, 22 Ind. 73.

To constitute a delivery of a policy it is not necessary that there should be an actual manual transfer from one party to the other. The agreement upon all the terms and the doing of any act that signifies the intention that it shall become operative constitute a delivery. May on Ins. (2d Ed.), 63, 64.

An agent may bind the company by an oral agreement and a memorandum in his "binding book;" and this, though insurance be placed at. the discretion of the agent, insured not knowing where. May on Ins. (2d Ed.), 44, 63; 1 Joyce on Ins., 75, 127; citing Croft v. Hanover F. Ins. Co., 21 S. E. Rep. 854; Putnam v. Home Ins. Co., 123 Mass. 324.

It is held in Louisiana that when an application for insurance is accepted, the policy written, and the name of the assured as such is entered on the company's books, the contract is complete. 1 Joyce on Ins., 139; citing Pino v. Merchants Mut. Ins. Co., 19 La. 214.

When a person does an act or makes a declaration which he can not contradict without operating a fraud—without an injury to another whose conduct has been thereby influenced, he is estopped to contradict it. Smith v. Newton, 38 Ill. 230; Hefner v. Vandolah, 57 Ill. 520; International Bank v. Bowen, 80 Ill. 541.

Where, under the policy, the company may elect to terminate the risk in a certain contingency, upon notice of its intention to do so, liability of the company ends upon notice, on the happening of the contingency. Albany City F. Ins. Co. v. Keating, 46 Ill. 394.

The distinction between a contract to insure or to issue a policy of insurance, and the policy itself, is obvious and constantly recognized by the courts. The former may be by parol or in any form. May on Ins. (2d Ed.), 22.

In insurance the writing is only required for proof of the contract. The writing is extrinsic to the substance of the agreement. 1 Joyce on Ins., 78, 79; Hartford Ins. Co. v. Farrish, 73 Ill. 166.

A parol contract of insurance is, in effect, the contract of the company as expressed in the policies usually issued by them. 1 Joyce on Ins., 94, citing Hubbard v. Hartford F. Ins. Co., 33 Iowa, 325.

A contract for insurance otherwise sufficient is valid, though in parol; there is nothing in the rules of the common law or in existing statute, which forbids. Hartford F. Ins. Co. v. Wilcox, 57 Ill. 180; People's Ins. Co. v. Paddon,

8 Ill. App. 447; May on Ins. (2d Ed.), 15, 20; 1 Joyce on Ins. 75; Stoehle v. Hahn, 55 Ill. App. 497.

A contract of insurance is complete when it contains all the elements essential to such contracts, with a meeting of minds upon all the circumstances peculiar to contracts of such a nature, so nothing remains to be done but to fill up and deliver the policy and pay the premium. People's Ins. Co. v. Paddon, 8 Ill. App. 447; 1 Joyce on Ins., 103; May on Ins. (2d Ed.), p. 42.

A parol agreement for insurance made with an agent takes effect immediately, although entered into contemporaneously with an agreement by the insurers to deliver, and the insured to accept and pay for, as a substitute therefor, a policy in the usual form, and remains in force till the delivery or tender of such policy. May on Ins. (2d Ed.), 21, 69.

MATTHEWS & GRIGSBY, attorneys for appellee.

The right to cancel policy strictly is to be construed, and can only be exercised by a strict compliance with the terms and conditions upon which it is admissible. May on Insurance, Secs. 67, 68 and 574; Chase v. Phœnix Ins. Co., 67 Me. 85; Beach on Insurance, Vol. 2, Sec. 823; Wood on Insurance, Sec. 113; Peoria M. & F. Insurance Co. v. Botto, 47 Ill. 516; Ætna Ins. Co. v. Maguire et al., 51 Ill. 342; Hartford Fire Ins. Co. v. McKenzie, 70 Ill. App. 615.

Fire insurance policies contain a provision whereby either party may terminate the risk and it is only by virtue of this that the insurers may exercise such right. Am. & Eng. Ency. of Law, Vol. 7, page 1009, and authorities there cited.

But to terminate the policy the insurer must give notice of such intention to the assured, and if the loss be payable to a third party, as a mortgage, it must be given to him also. Lattan v. Royal Ins. Co., 45 N. J. L. 453.

An objection that the damages assessed against a defendant are excessive, can not be made for the first time on appeal; the reason being that whatever could have been

corrected in the court below, either by a change in the verdict or judgment by the trial court, or by remittitur, must there be presented in order that an opportunity may be there had to correct the error. Stern v. Tuch, 55 Ill. App. 445; Brewer & Hoffman Co. v. Boddie, 162 Ill. 346; Hintz v. Graupner, 138 Ill. 158.

Mr. Justice Harker delivered the opinion of the court.

Appellee is the owner of a fruit evaporating plant at Pittsfield, Ill. On the 27th of October, 1897, C. K. Graham, his operating manager, procured from F. W. Niebur, agent of the Milwaukee Mechanics Insurance Company, a fire insurance policy on the machinery and fruit on hand. The policy was delivered, but the premium was not paid, the agent declining to receive it until he should learn from the company whether it would carry the risk. It was provided in the policy that the contract should become void if other insurance on the property should be procured without consent of the company, and that the policy might be canceled at any time by giving five days' notice. On the 30th of October Niebur received notice from the company that it would not carry the risk, and directing him to cancel the policy. He at once sent a note to C. K. Graham informing him that his company declined the risk and requesting him to procure other insurance. Graham, at noon of the same day, called at the office of E. A. Burk, another insurance agent, showed the note to him, " gave him the particulars," and asked him if he could write the risk in some company represented by him. Burk replied that he thought he could, whereupon Graham left the office, promising to call again. Burk at once wrote a policy in the Hanover Insurance Company of New York on one of the blanks furnished him, with the signatures of the president and secretary, covering the property from October 30 to November 30, 1897, countersigned it himself and entered it in his register of policies. The policy was not delivered to Graham, the premium was not paid by him, nor did he promise to pay it. That night the property was destroyed by fire.

This suit was commenced against appellant on the first named policy and was defended upon the ground that Graham had waived his right to have the policy continue in force five days after notice of cancellation, and that the policy became void by reason of a contract of insurance effected with the agent of the Hanover Insurance Company. A trial by jury resulted in a verdict and judgment against appellant for the full amount named in the policy.

It is clear that the right of appellee to recover depends entirely upon whether he consummated a contract of insurance with the Hanover Insurance Company. By its own terms the policy sued on was to continue in force for five days after cancellation unless other insurance was effected. The risk was with appellant, within the five days, up to the instant that it should be assumed by another company and agreed to by the insured.

While it is not necessary in order to hold an insurance company to liability for a loss that the policy shall have been delivered or the premium paid, in a case where the policy has not been delivered nor the premium paid or tendered, a promise to pay the premium is necessary. Without a promise to pay for the insurance the undertaking of the company would be *nudum pactum*.

It is fundamental that unless the parties have come to an agreement as to the terms of their contract, so that nothing remains to be done but to execute what has been agreed upon, the contract is still incomplete and of no binding force upon either party. We can see no reason for departing from that familiar rule in the law of contracts in a case where the parties were negotiating over a contract of insurance.

In the case at bar there was neither a delivery of the policy, a payment of the premium, a tender of the premium, nor a promise to pay. The matter was in an incomplete condition at the time of the fire, and there was no such contract effected as could render the Hanover company liable.

The trial court entertained the view that in order to render

a contract of insurance valid and binding a delivery of a policy, a payment of the premium or a tender of it is necessary, and so told the jury in modified instructions. That, of course, was erroneous.

The right to make parol contracts of insurance is recognized by our courts, and the contract may be completed by the mere promise of the insured to pay the premium. But as there was not even a promise made to the agent of the Hanover company to pay the premium, and we are clearly of the opinion that the policy of appellant was in force at the time of the fire, no harm resulted from the modification of those instructions. The judgment is right and no such error intervened as would justify a reversal. Judgment affirmed.